ELIZABETH L. HOWELL, EXECUTRIX OF SIDNEY K. LAN-
INGER, DECEASED, PROSECUTRIX, v. EDWARD I. ED-
WARDS, COMPTROLLER, ET AL., RESPONDENTS.

Submitted July 1, 1915—Decided December 16, 1915.

1. The act of 1909 entitled "An act to tax the transfer of property
   of resident and non-resident decedents by devise, bequest, descent,
   distribution by statute, gift, deed, grant, bargain and sale in
   certain cases" (*Pamph. L.* 1909, *p.* 325), and the act of 1914
   amendatory thereof (*Pamph. L.* 1914, *p.* 267), are not in vio-
   lation of paragraph 12, section 7, article 4 of the constitution,
   which provides that "property shall be assessed for taxes under
   general laws and by uniform rules, according to its true value,"
   in that the impost therein laid is not a tax upon property, but
   is a premium or privilege upon the devolution of property and
   as such rests fundamentally upon the sovereign right of the state
   to withhold, and hence to limit the right of testamentary dis-
   position or intestate succession.
2. The act of 1909 and the amendment of 1914 are attacked by
   the prosecutrix as being in violation of the fourteenth amendment
   of the constitution of the United States and of paragraphs 1 and
   2 of article 1 of the constitution of New Jersey, in that they
   prescribe arbitrary and unequal classification and arbitrary and
   unequal exemptions. Applying and following the reasoning of
   the opinion of the Supreme Court of the United States in
   *Magoun* v. *Illinois Trust and Savings Bank,* 170 *U. S.* 283,
   construing a similar statute of Illinois—*Held,* that the said
   acts do not violate either of the constitutional provisions re-
   ferred to.

On *certiorari.*

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutrix, *Henry C. Hunt.*

For the respondents, *John W. Wescott,* attorney-general,
and *Herbert Boggs,* assistant attorney-general.

The opinion of the court was delivered by

KALISCH, J. A transfer tax of $2,120.72 was assessed and
levied against the estate of Sidney K. Laninger, deceased,

transferred by her last will to the prosecutrix, sole devisee and beneficiary under the will, and a daughter of the decedent.

The prosecutrix challenges the constitutionality of the acts of 1909 and 1914, under which the transfer tax was levied.

Indirectly the constitutionality of the act of 1894 is also attacked.

The act of 1894 is entitled "An act to tax intestates' estates, gifts, legacies, devises and collateral inheritance in certain cases." *Pamph. L.* 1894, *p.* 318.

The constitutionality of this act was considered in *Neilson* v. *Russell,* 76 *N. J. L.* 27, and in *Eastwood* v. *Russell,* 81 *Id.* 672 (Court of Errors and Appeals), and held to be constitutional. Although Neilson v. Russell was reversed by the Court of Errors and Appeals, it was on a point which left the fundamental question as to the constitutionality of the act, decided by the Supreme Court, unimpaired.

The objections made by the prosecutrix against the constitutionality of the acts of 1909 and 1914, are in all respects the same, with the exception of the one which involves a consideration of the fourteenth amendment to the constitution of the United States, as were leveled against the constitutionality of the act of 1894, and which were decided against the prosecutors' contentions in the cases above referred to. The act of 1909 is entitled "An act to tax the transfer of property of resident and non-resident decedents, by devise, bequest, descent, distribution by statute, gift, deed, grant, bargain and sale, in certain cases." *Pamph. L.* 1909, *p.* 325.

The act of 1914 is entitled, "An act to amend an act entitled 'An act to tax the transfer of property of resident and non-resident decedents, by devise, bequest, descent, distribution by statute, gift, deed, grant, bargain and sale, in certain cases,' approved April 20th, 1909." *Pamph. L.* 1914, *p.* 267.

The basic principle on which the act of 1894 was held to be constitutional is preserved intact in the acts of 1909 and 1914, which latter acts are now challenged by the prosecutrix on the ground that they are violative of paragraph 12, section 7, article 4 of the constitution, which declares that

"property shall be assessed for taxes under general laws and by uniform rules, according to its true value." But this question is no longer open to discussion, since the declaration of the Court of Errors and Appeals on this topic in *Eastwood* v. *Russell, supra.*

In that case, in an opinion by the late Mr. Justice Voorhees, the court held that a tax levied upon property passing by will by virtue of the act of 1894 is not a property tax to which the provision of the constitution invoked in the present case by the prosecutrix was designed to apply.

In *Neilson* v. *Russell, supra,* Mr. Justice Garrison speaking for the Supreme Court (on *p.* 33), says: "Examination will show that the consensus of judicial opinion is that the impost we are considering is not a tax upon property, but is a premium or privilege upon the devolution of property—in fine, a succession tax, and that as such it rests fundamentally upon the sovereign right of a state to withhold, and hence to limit the right of testamentary disposition or of intestate succession."

But it is further argued for the prosecutrix that the acts of 1909 and 1914 are in violation of the fourteenth amendment to the constitution of the United States and also of paragraphs 1 and 2 of article 1 of the state constitution, in that said acts prescribe arbitrary and unequal classification and arbitrary and unequal exemptions.

As a demonstration of this assertion it is pointed out that the prosecutrix was a daughter of the decedent and as such under the act of 1909, which imposes a duty or tax of five per cent. upon the transfer of any property real or personal of the value of $500 or over, but excepts from the operation of the act lineal descendants and certain classes of collateral and other relatives and connections, she was exempt and that therefore the transfer was not taxable; that the effect of the act of 1914 was to make those previously exempt under the act of 1909 subject to a duty or transfer tax, the rate of tax being graded on the value of the property transferred, increasing in rate with the increase in value of the property

transferred, and that this is unlawful discrimination in violation of the constitutional provisions referred to.

The like character of attack was made on the inheritance tax law of the State of Illinois, a statute similar in its provisions to the acts under consideration, and the Supreme Court of the United States, in an opinion by Mr. Justice McKenna, decided that that act was not in conflict with the fourteenth amendment to the constitution of the United States. *Magoun* v. *Illinois Trust and Savings Bank,* 170 *U. S.* 283, 296.

Section 1 of the Illinois statute provided, *inter alia,* that when the beneficial interest in any property or income therefrom passed to or for the use of any father, mother, husband, wife, child, brother, sister, wife or widow of a son or husband of a daughter, or adopted child or children or to whom the deceased, for not less than ten years prior to death stood in the acknowledged relation of a parent or to any lineal descendant born in lawful wedlock for a rate of tax of one dollar on every $100 of the clear market value of such property, but exempted all estates valued at less than $20,000. When such beneficial interest or income passed to any uncle, aunt, niece, nephew or any lineal descendant of the same a rate of tax of $2 on every hundred of the clear market value of such property on the excess of $2,000 received by each of such persons. In all other cases the rate was declared to be as follows: "On each and every $100 of the clear market value of all property and at the same rate for any less amount; on all estates of $10,000 and less, $3; on all estates of over $10,000 and not exceeding $20,000, $4; on all estates over $20,000 and not exceeding $50,000, $5; on all estates over $50,000, $6; *provided,* that an estate in the above case which may be valued at a less sum than $500 shall not be subject to any duty or tax."

The above text of the Illinois statute paraphrased and quoted by a comparison with the provisions of the acts of 1909 and 1914, relating to the same subject-matter, will make it plain that the case of *Magoun* v. *Illinois Trust and Savings*

*Bank, supra,* fully disposes of the objections made by the prosecutrix in the present case, against the contention of the prosecutrix that the acts of 1909 and 1914 are in conflict with the fourteenth amendment of the constitution of the United States.

The reasoning of Mr. Justice McKenna in the case referred to is peculiarly applicable to the situation presented here. On page 296, discussing the Illinois statute, he says: "There are three main classes in the Illinois statute, the first and second being based, respectively, on lineal and collateral relationship to the testator or intestate, and the third being composed of strangers to his blood and distant relatives. * * * The first two classes, therefore, depend on substantial differences, differences which may distinguish them from each other, and them or either of them from the other class—differences, therefore, which bear a just and proper relation to the attempted classification—the rule expressed in *Gulf, Colorado and Santa Fe Railway* v. *Ellis,* 165 *U. S.* 150. And if the constituents of each class are affected alike, the rule of equality prescribed by the cases is satisfied. In other words, the law operates equally and uniformly upon all persons in similar circumstances."

And again (on *p.* 299), the learned justice says: "The first and second classes, therefore, of the statute depend on substantial distinctions and their classifications are not arbitrary. Nor do the exemptions of the statute render its operation unequal within the meaning of the fourteenth amendment."

As to the further contention of the prosecutrix that the acts of 1909 and 1914 are in contravention of paragraph 1, article 1 of the state constitution, which secures the right of acquiring, possessing and protecting property, we are unable to perceive under the cases above cited, any applicability of the constitutional provision invoked to the matter in hand.

Another ground of attack upon the legality of the proceeding under review is that it does not appear in the record of the proceeding that the prosecutrix was notified of the time

and place when and where the estate would be appraised; that the record does not show that the notice prescribed by section 18 of the act was given. A complete answer to this is that there is no reason assigned by the prosecutrix which raises the question. Furthermore, it appears by an amended return to the writ that the prosecutrix had notice of the appraisement and assisted in making the same, as appears by her affidavit made as to the value of certain stocks which were being appraised.

There is no claim that the appraisal as made is not fair and just.

Lastly, it is argued, by counsel for prosecutrix, that the assessment is invalid because by chapter 238 of the laws of 1909, page 375, five per cent. of the assessment is to be paid to the county wherein decedent resided, and therefore an inequality is created between the several counties. We are unable to see how that can affect the validity of the acts under which the assessment was made. The statute providing for the payment of the five per cent. to the county where the decedent resided is an entirely independent one and therefore, whether it be valid or not, cannot in anywise affect the validity of the levy of the assessment under review.

A reason assigned by the prosecutrix, but which was not argued in the brief, is that the act of 1909 is unconstitutional because the title of the act does not state its object with clearness and certainty. We have given it no consideration, assuming that it was not relied on.

Finding no error in the proceedings the assessment will be affirmed, with costs.